FILED
Clerk
District Court

DEC - 4 2012

for the Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:12-CR-00012-1 |
| Plaintiff, | |
| vs. | **MEMORANDUM DECISION AND ORDER DENYING THE GOVERNMENT'S MOTION TO QUASH SUBPOENAS** |
| WEI LIN, | |
| Defendant. | |

THIS MATTER came before the court on Wednesday, November 28, 2012, at 3:00 p.m. for a hearing of the United States Government's motion to quash Defendant Wei Lin's subpoenas to three witnesses who are the victims in this case, which sought their appearance at Defendant's sentencing hearing on December 5, 2012. (*See* ECF No. 48, hereinafter "Motion".) Defendant filed his response to the motion about an hour prior to the hearing. (See ECF No. 53.) The Government appeared by and through its attorneys, Assistant United States Attorneys Rami S. Badawy and Garth R. Backe. Defendant appeared in custody with his court appointed attorney, David G. Banes, Esq.

THE COURT, having considered the written arguments of the parties, denies the motion to quash in entirety.[1]

---

[1] Due to the late filing of defendant's opposition to the motion, the Court did not receive any oral arguments. Instead, the Court took the matter under advisement and advised the parties, without any objections, that it would issue a written order on the briefs prior to the sentencing hearing date set for December 5, 2012.

1

## Procedural Background

On June 8, 2012, defendant Wei Lin pleaded guilty pursuant to a plea agreement to the first count of the Superseding Indictment filed in this matter charging him with the offense of Conspiracy to Commit Sex Trafficking in violation of 18 U.S.C. 1594(c). The matter has been set for a sentencing hearing on December 5, 2012. On August 23, 2012, the U.S. Probation Office filed and served its initial presentence investigation report ("PSR"). (ECF No. 34.) In the PSR, the probation officer added four levels to the offense level for each victim based on the conclusion that "defendant was an organizer and leader of the criminal activity that involved five or more participants." (PSR ¶¶ 54, 60, 66.) Four days later, defendant filed his *ex parte* application for the issuance of the three witness subpoena at issue pursuant to Rule 17(b) of the Federal Rules of Criminal Procedure. (ECF No. 35.) The Court granted the *ex parte* application on August 30, 2012. (ECF No. 39.) The final PSR was filed on October 25, 2012. (ECF No. 46.) Two and a half months after the Court granted the issuance of the subpoena, the Government filed the instant motion to quash these subpoena.

## Analysis

To move to quash a subpoena in a criminal case, "the moving party has the burden of demonstrating that it has standing." *U.S. v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (citing *KCOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)); *see also U.S. v. Jenkins*, 895 F. Supp. 1389, 1393 (D. Haw. 1995). "A party to a criminal case 'has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests.' " *Jenkins*, 895 F. Supp. at 1393 (quoting *U.S. v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)); *see also Tomison*, 969 F.Supp at 596. The government has standing when its motion is "based 'upon its interest in preventing

undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [the witness's] credibility.'" *Jenkins*, 895 F. Supp. at 1393 (quoting *Raineri*, 670 F.2d at 712) (holding that the government had standing to move to quash a subpoena for the victim's medical records). Here, the Government bases its motion on its "interest in preventing the defendant from harassing the victims." (Motion at 2.) Accordingly, it has standing.

A trial court may quash a subpoena for testimony "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(a), 17(c)(2); *see, e.g.*, *U.S. v. Beckford*, 964 F. Supp 1010, 1014–15 (E.D. Va. 1997) (stating that Rule 17 "provides both for the issuance of trial subpoenas ad testificandum and subpoenas duces tecum").

The Government contends that defendant bears the burden of proving the subpoena should be enforced and relies upon the Supreme Court decision of *United States v. Nixon*, 418 U.S. 683, 699 (1974). (Motion at 3.) This is incorrect. Supreme Court precedent places that burden on the moving party. *U.S. v. R. Enterprises, Inc.*, 498 U.S. 292, 305 (1991) ("The burden of establishing that compliance would be unreasonable or oppressive rests, of course, on the subpoenaed witness. . . . The moving party has the initial task of demonstrating to the Court that he has some valid objection to compliance [with the subpoena]."); *see also U.S. v. Nixon*, 418 U.S. 683, 699–700 (1974) (establishing the proper standard for determining what is unreasonable or oppressive to require production prior to trial and stating that "the Special Prosecutor, in order to carry his burden, must clear [this standard]").

What is unreasonable or oppressive under Rule 17 "depends on the context" of the proceeding. *R. Enterprises, Inc.*, 498 U.S. at 299–300. In the context of a sentencing hearing, a defendant's due process right to being sentenced upon not materially untrue facts is paramount. *See, e.g., Townsend v. Burke*, 334 U.S. 736 (1948) (sentencing a prisoner "on the

basis of assumptions concerning his criminal record which were materially untrue. . . . is inconsistent with due process of law"); *U.S. v. Curran*, 926 F.2d 59, 61 (1st Cir. 1991) ("[A] defendant has a due process right to be sentenced upon information which is not false or materially incorrect.").

Rule 32 of the Federal Rules of Criminal Procedure aims to "assure a defendant's due process rights in the sentencing process." *Curran*, 926 F.2d at 61; *U.S. v. Romano*, 825 F.2d 725, 728 (2d Cir. 1987). Under this rule, a defendant has the right to a "full adversary testing of the issues relevant to a Guidelines Sentence and . . . 'an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence.' " *Burns v. U.S.*, 501 U.S. 129, 134–36 (1991); *see also* Fed. R. Crim. P. 32(i)(1)(c). This includes "offer[ing] evidence in support of factors that might warrant a reduced sentence." *United States v. Guerra*, 888 F.2d 247, 251 (2d Cir. 1989); *U.S. v. Urrego-Linares*, 879 F.2d 1234, 1239 (4th Cir. 1989) ("A defendant must be afforded an opportunity to contest assertions by the government that are designed to enhance his sentence, and to offer evidence in support of factors that may warrant a reduced sentence."). Such evidence includes calling witnesses. Fed. R. Crim. P. 32(i)(2).

Given this context, compliance with the subpoena in this case seems neither unreasonable nor oppressive. Defendant contests the probation officer's determinations, which found him to be "the top organizer and leader." (ECF No. 46-1, 1-2.) Under the United States Sentencing Guidelines, this increases the offense level by four and, accordingly, the Final Presentence Investigation Report made that increase. *Id.*; U.S. Sentencing Guidelines §

3B1.1(a). Defendant neither pled guilty to nor admitted to being the top leader.[2] Because Defendant has a statutory and due process right to offer evidence to contest this finding, including calling witnesses, it seems neither unreasonable nor oppressive to exercise these rights where there was no trial, defendant never stipulated to any of the particular facts relied upon by the probation officer, and the witnesses are necessary for an adequate defense at the time of sentencing.

The Government argues that the proper standard for determining whether compliance is unreasonable or oppressive is the standard of the Sixth Amendment Compulsory Process Clause. (Motion at 3.) This standard requires that the witness be both "material and favorable to the defense." *U.S. v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982); *Cacoperdo v. Demosthenes*, 37 F.3d 504, 509 (9th Cir. 1994).

The Government fails to meet its burden under either standard. It does not address defendant's due process rights; it does not provide reasons why the witnesses would not be material or favorable to the defense; and it does not provide reasons why compliance with the subpoenas is unreasonable or oppressive. The Government contends that subpoenaing the victims to testify would have a chilling effect on a victim's statutory right to be heard at sentencing, but it does not cite any authority that uses this as a basis to quash a defendant's subpoena.

The Government also argues that defendant does not have the right to confront victims at sentencing because the Confrontation Clause does not apply to sentencing. (Mot. at 3.) The Government is correct that the Confrontation Clause does not apply to sentencing. *E.g., U.S. v.*

---

[2] Defendant pled guilty to the crime. Defendant stipulated to only the facts in his plea agreement, which largely tracked the statutory language and did not include an admission to being the top leader. (*See* ECF No. 14 at 1–2; ECF No. 49 at 41–42.) Thus, defendant did not agree to any of the facts alleged by the government. (*See* ECF No. 14.)

5

*Littlesun*, 444 F.3d 1196, 1198–1201 (9th Cir. 2006). However, it is incorrect in its application here. The line of cases the Government relies on deals not with obtaining witnesses in a defendant's favor, but instead the right to confront evidence against him. *Id.* at 1200 (holding that "hearsay is admissible at sentencing, so long as it is 'accompanied by some minimal indicia of reliability'").

Accordingly, the Government's motion to quash is DENIED in entirety.

SO ORDERED this 4th day of December, 2012.

/s/ 
_____
RAMONA V. MANGLONA
Chief Judge