IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>     v.<br><br>YANCHUN LI,<br><br>                  Defendant. | Case No. 1:12-CR-00012-2<br><br>**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT LI'S OBJECTION TO THE PRESENTENCE INVESTIGATION REPORT** |

This sentencing dispute implicates an issue of first impression: Under the United States Sentencing Guidelines (hereinafter "Sentencing Guidelines"), what is the base offense level for a conspiracy to violate 18 U.S.C. § 1591? The Court concludes it is 34. Accordingly, the Court finds that Defendant YanChun Li ("Li") is not eligible for a mitigating role reduction under United States Sentencing Guideline Section (hereinafter "Guideline Section") 3B1.2 because he has already received a significantly lower punishment by virtue of his plea bargain.

## I. BACKGROUND

Li previously pled guilty, in a plea agreement pursuant to Federal Rule of Civil Procedure 11(c)(1)(c), to conspiracy to commit sex trafficking in violation of 18 U.S.C. §§ 371 (general conspiracy) and 1591(a)(1) (sex trafficking). (ECF No. 36 at 1 (hereinafter "Plea Agreement").) He did not plead guilty to 18 U.S.C. § 1594 (*see id.*), which is the conspiracy statute explicitly applicable to violations of Section 1591. *See* 18 U.S.C. § 1594(c). The plea agreement set forth

1

binding provisions on sentencing. Relevant now is its requirement that the Court apply a base offense level of 14, per Guideline Section 2G1.1(a)(2), and a 4 point enhancement for the offense involving fraud or coercion, per Guideline Section 2G1.1(b)(1). (Plea Agreement at 4.)

The Court has previously accepted this 11(c)(1)(c) plea agreement. (*See* ECF No. 41.) Accordingly, the Court is bound by the parties' offense level determination, and if it instead imposes a different offense level, both parties have the right to withdraw from the plea agreement. *See* Fed. R. Crim. P. 11(c)(1)(c); (Plea Agreement at 4).

Li now objects to his Final Presentence Investigation Report (hereinafter "PSR"). (*See generally* ECF No. 95.) Among other objections, he contends that he is entitled to a 4 level reduction for being a minimal participant in the offense. (*Id.* at 3); *see also* U.S. Sentencing Guidelines Manual § 3B1.2 (2012) (hereinafter "U.S.S.G.").

## II. DISCUSSION

Guideline Section 3B1.2 decreases the offense level by 2 to 4 levels where the defendant's role is minor or minimal. U.S.S.G. § 3B1.2. It is not applicable, however, where "a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct . . . ." *Id.*, cmt. n.3(B). Here, Li was convicted of conspiracy to violate 18 U.S.C. § 1591(a)(1). For this offense, the Court interprets the Sentencing Guidelines as setting a base offense level of 34. However, Li's plea agreement required a base offense level of 14 plus a specific offense characteristic enhancement of 4, per Guideline Section 2G1.1(a)(2) and (b)(1). Accordingly, Li is not entitled to the reduction because he has already received a significantly lower offense level.

/

2

### A. BASE OFFENSE LEVEL FOR CONSPIRACY TO VIOLATE 18 U.S.C. § 1591

Determining the base offense level for conspiracy to violate 18 U.S.C. § 1591 requires examining the interplay between multiple statutory and Sentencing Guideline provisions. Those provisions are: the Sentencing Guideline for the substantive offense (Guideline Section 2G1.1), the Sentencing Guideline for a conspiracy (Guideline Section 2X1.1), and the statutes prohibiting trafficking and conspiracy of it (18 U.S.C. §§ 1591 and 1594). Examining these provisions' relationship also requires analyzing the effect of a statutory minimum sentence that is less than the Sentencing Guidelines' minimum. Finally, this examination is limited to situations involving adult victims that were trafficked by means of force, threats of force, fraud, or coercion. *See* 18 U.S.C. § 1591(b)(1) (providing that this subsection is applicable to offenses involving adult victims only where it "was effected by means of force, threats of force, fraud, or coercion"); U.S.S.G. § 2G1.1 cmt. (stating that this guideline applies to an offense of 18 U.S.C. § 1591 only where the offense involved an adult victim).

#### 1. Guideline Section 2G1.1

Guideline Section 2G1.1 establishes two base offense levels: one for when the "offense of conviction is 18 U.S.C. § 1591(b)(1)" (level of 34), and one for all other convictions (level of 14). U.S.S.G. § 2G1.1(a). Potentially misleading is the guideline's focus on Subsection 1591(b)(1), as this subsection is not a crime, but a punishment. *United States v. Todd*, 627 F.3d 329, 335 (9th Cir. 2010) ("Section (b) . . . does not create a new crime. It specifies the penalties for each of the crimes set out in (a)."); *see* 18 U.S.C. § 1591(b) (enumerating "[t]he punishment for an offense under subsection (a)"); 18 U.S.C. § 1591(a) (declaring that persons who satisfy the elements listed in this subsection "shall be punished as provided in subsection (b)"); H.R. Rep. No. 108-264(I), at 13

3

(2003) (recognizing Subsection (b) as the "sentencing provision" and Subsection (a) as the "substantive offense provision"). If the Court interpreted "offense of conviction" literally, a base offense level of 34 would never be proper because the offense of conviction would always be 18 U.S.C. § 1591(a), not (b)(1). The Sentencing Commission could not have intended such a result.

Instead, the Sentencing Commission intended "offense of conviction" to be defined by examining the conduct necessary to be convicted of or punished under a provision, not by the technical classification of whether that provision is an offense. Supporting this interpretation is the Sentencing Guideline's definition of offense of conviction: It is "the offense conduct charged in the count of the indictment or information of which the defendant was convicted." U.S.S.G. § 1B1.2(a). For Subsection 1591(b)(1), that relevant conduct is the use of "means of force, threats of force, fraud, or coercion[,] . . . or any combination of such means . . ." to "effect[]" the trafficking.[1] 18 U.S.C. § 1591b(1). Thus, whenever a conviction of Subsection 1591(a) was effected by the above means, the base offense level is 34.

This interpretation is consistent with how the Sentencing Commission intended Guideline Section 2G1.1 be interpreted. The Sentencing Commission interprets 18 U.S.C. § 1591(b)(1) as an "offense," not a punishment. *See* United States Sentencing Commission, Amendments to the Sentencing Guidelines 27 (2007), *available at* http://www.ussc.gov/Legal/Amendments/Official_Text/20070501_Amendments.pdf ("Offenses under 18 U.S.C. 1591(b)(1) necessarily involve fraud and coercion and, therefore, such conduct is built into the heightened base offense level of 34."). The interpretation is also consistent with how the government must prosecute a violation of Section 1591. If the government seeks the statutory

---

[1] For Subsection 1591(b)(2), by contrast, regards offenses not effected by these means where the victim is at least 14 but less than 18 years old. 18 U.S.C. § 1591(b)(2).

4

minimum sentence of 15 years for the trafficking of an adult victim, it must prove the offense was effected by means of force, threat of force, fraud, or coercion. *See Todd*, 627 F.3d at 335 (Smith, J., concurring) ("18 U.S.C. § 1591(a) covers only those instances of sex trafficking in which force, fraud, or coercion was actually used, or where the trafficking involved children under the age of 14 or between ages 14 and 18."); *United States v. Zitlalpopoca-Hernandez*, No. 10-50370, 2012 WL 5420857, at *2 (9th Cir. Nov. 7, 2012) (per curiam) (citing *Todd*, 627 F.3d at 334–35) ("The knowledge requirement encompasses a finding that the offense was subsequently 'effected by force, fraud, or coercion.' "); *see also* 18 U.S.C. § 1591(b).

Finally, this interpretation is not contradicted by Guideline Section 2G1.1's adjustments. One such adjustment applies only to an offense with the base offense level of 14, increasing the offense level by 4 where "the offense involved fraud or coercion . . . ." U.S.S.G. § 2G1.1(b). This adjustment does not apply to Section 1591 convictions involving fraud or coercion because those receive a base offense level of 34. United States Sentencing Commission, Amendments to the Sentencing Guidelines at 27; *see also* U.S.S.G. § 2G1.1(b). But that does not mean the adjustment serves no purpose. Rather, it applies to the other crimes covered by this guideline—crimes that do not require fraud or coercion for conviction. *See* U.S.S.G. § 2G1.1 cmt. (stating that this guideline also applies to 8 U.S.C. § 1328 and 18 U.S.C. §§ 2421 and 2422(a) where the offense involves an adult victim); *see also* 8 U.S.C. § 1328 (criminalizing the importation of aliens for an immoral purpose); 18 U.S.C. § 2421 (criminalizing transportation of persons for illegal sexual activity); 18 U.S.C. § 2422(a) (criminalizing transportation of persons for illegal sexual activity when involving coercion or enticement).

/

5

**2. Guideline Section 2X1.1**

The Sentencing Guidelines punish a conspiracy to violate Section 1591 the same as a substantive violation. The general conspiracy guideline, Guideline Section 2X1.1, applies to all conspiracies that are not "expressly covered by another offense guideline section." U.S.S.G. § 2X1.1(c)(1). A conspiracy to violate Section 1591 is such a conspiracy. *Id.* § 2X1.1 cmt. n.1 (not including Guideline Section 2G1.1 in the list of "guidelines that expressly cover conspiracies"); *see generally id.* § 2G1.1 (not expressly covering conspiracies).

Guideline Section 2X1.1 determines the base offense level for the conspiracy by calculating "the base offense level from the guideline for the substantive offense, plus any adjustments . . . ." *Id.* § 2X1.1(a). The "substantive offense" is "the offense that the defendant was convicted of . . . conspiring to commit." *Id.* § 2X1.1 cmt. n.2. Here, Li's conduct supported a conviction of a conspiracy to violate Section 1591 for trafficking adult victims through the use of force, threats of force, fraud, or coercion. (Plea Agreement at 2, 10.) That substantive offense is punished by Guideline Section 2G1.1. U.S.S.G. § 2G1.1, cmt. (stating that this guideline applies to 18 U.S.C. § 1591 where the offense involves an adult victim).

Applying Guideline Section 2G1.1 to a conspiracy introduces a minor nuance: Is a conviction of a conspiracy to violate Section 1591(a), whether under 18 U.S.C. § 371 or § 1594(c), an "offense of conviction" of 18 U.S.C. § 1591(b)(1)? Two grounds compel the conclusion that it is. First is the commentary to Guideline Section 2X1.1, which states that "the base offense level will be same as that for the substantive offense." *See id.* § 2X1.1, cmt. n.2. The base offense level for the substantive offense is 34, and so too it should be for a conspiracy. The second ground is the same conduct-based approach of the Sentencing Guidelines already discussed. A conspiracy to violate

6

Section 1591 involves the same conduct as a substantive violation. Thus, the base offense level of Guideline Section 2G1.1, 34, is the proper base offense level for Guideline Section 2X1.1.

### 3. Statutes and Guidelines Conflict

This Court has concluded that the Sentencing Guidelines impose the same base offense level for both a conspiracy to violate and a substantive violation of Section 1591. The Court also concludes that the Sentencing Guidelines treatment of conspiracies to violate Section 1591 is contrary to both the statute and Congress' intent.

Section 1594's text and structure indicate that a conspiracy to violate Section 1591 should not be punished the same as a substantive violation of Section 1591. The statute requires that a conspiracy to violate Section 1591 "be fined under this title, imprisoned for any term of years or for life, or both." 18 U.S.C. § 1594(c). This is in contrast to every other conspiracy under Section 1594, which must be "punished in the same manner as a completed violation of such section." 18 U.S.C. § 1594(b) ("Whoever conspires with another to violate section 1581, 1583, 1589, 1590, or 1592 shall be punished in the same manner as a completed violation of such section.").

Examining the statute's legislative history confirms this conclusion. It reveals that Congress intended to grant absolute discretion in sentencing a conspiracy to violate Section 1591, without the constraint of a mandatory minimum sentence. This relevant history begins in 2000, when a substantive violation of Section 1591 effected by force, fraud, or coercion did not have a mandatory minimum sentence. Instead, it provided a punishment of "a fine under this title or imprisonment for any term of years or for life, or both . . . ." *E.g.*, Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, § 112 (2000). At that time, a conspiracy to violate Section 1591—an

offense under Section 1594—was punished the same as the substantive offense. *Id.* Thus, originally, neither a substantive violation nor a conspiracy carried a statutory minimum sentence.

This changed in 2006, when Congress amended Section 1591 to require a sentence of at least fifteen years for offenses effected by means of force, fraud, or coercion. Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, § 208 (2006); *see also* 18 U.S.C § 1591. Congressional and Presidential commentary accompanying the law lauded it for "impos[ing] tough mandatory minimum penalties . . . ." Statement by President George W. Bush Upon Signing the Adam Walsh Child Protection and Safety Act of 2006, 2006 WL 3064686 (2006); *see also* 152 Cong. Rec. S8012-02 (Senator Kennedy criticizing the law's "new mandatory minimum sentences;" Senator Kornyn praising the law's mandatory minimum sentences). Because a conspiracy was still punished the same as a substantive offense, a conspiracy to violate Section 1591 carried the same mandatory minimum sentence of fifteen years.

But it appears Congress did not intend to punish a conspiracy the same as a substantive violation because it amended Section 1594 two years later. This amendment changed the punishment for a conspiracy to violate Section 1591 to the punishment existing today: "imprison[ment] for any term of years . . . ." William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. No. 110-457, § 222 (2008).

This change effectively incorporated absolute discretion into the sentencing process for a conspiracy to violate Section 1591, removing the stricture of a statutory minimum sentence. This result is in contrast to the drug statute at issue in *United States v. Donley*, 878 F.2d. 735 (3d Cir. 1989), where both the statute's text and history clarified that the phrase "any period of time" did not remove the statutory minimum sentence. The statute there provided that "the authorized terms of imprisonment are—(1) for a class A felony, the duration of the defendant's life or any period of time;

8

(2) for a class B felony, not more than twenty-five years[; (3) for a Class C felony, not more than twelve years] . . . ." *Donley*, 878 F.2d at 739–40; *see also* 18 U.S.C. § 3581. The court held that subsection (1) did not establish a minimum sentence because the text's structure indicates that it "is concerned only with establishing maximum penalties and does not address the question of minimum sentences." Additionally, the statute's history indicated that "Congress did not mean to replace a fixed minimum sentence for first degree murder with an indeterminate sentence; . . . [it] intended to go in the opposite direction of achieving more consistent, determinate sentences." *Id.* at 740.

In short, the trafficking statute punishes a substantive violation of Section 1591 differently than a conspiracy to violate Section 1591. The former offense has a 15 year statutory minimum sentence; the latter has no statutory minimum.

The Sentencing Guidelines contradict the statute by punishing a substantive violation of Section 1591 and a conspiracy to violate it the same. For both, it sets the base offense level at 34, which corresponds to a Sentencing Guidelines range of about 12 to 15 years for a defendant with a Criminal History Category of 1. (*See* U.S.S.G. ch. 5, pt. A, Sentencing Table.) For the Sentencing Guidelines to be consistent with the statute, the base offense level for a conspiracy to violate Section 1591 would need to be lower, to account for its not having a statutory minimum sentence. Such a level may be 18. That was the offense level the Sentencing Guidelines imposed for conspiracies to violate Section 1591 effected by fraud or coercion before Congress implemented a 15 year statutory minimum sentence. *See* U.S.S.G. §§ 2G1.1, 2X1.1 (2006).

### 4. Effect of Statute and Sentencing Guidelines Conflict

Where a statute imposes a lower minimum sentence than the Sentencing Guidelines' minimum, the Sentencing Guidelines require imposing a punishment within the guideline range.

9

U.S.S.G. § 5G1.1(c); *cf. id.* § 5G1.1(a)–(b). Several circuits strictly follow this requirement, some even holding that it may be error to use the lower statutory minimum as a basis for departure. *United States v. Lattimore*, 974 F.2d 971, 973–74 (8th Cir. 1992) (holding that it was error for the district court to depart from the sentencing guideline minimum of 78 months to the statutory minimum of 60 months on two grounds: the standard for the departure had not been met and Guideline Section 5G1.1); *United States v. Liberse*, 688 F.3d 1198, 1199–1200, 1202 (11th Cir. 2012) (summarily stating that the district court was correct in sentencing the defendant to the guideline minimum of 121 months, not the statutory minimum of 120 months, and citing Guideline Section 5G1.1); *United States v. Macias*, 930 F.3d 569, 571 (7th Cir. 1991) (summarily finding that the district court was correct in sentencing the defendant to the guideline minimum of 12 years and 7 months, not the statutory minimum of 10 years, and citing Guideline Section 5G1.1).

The Ninth Circuit, however, permits—but does not require—a district court to impose a sentence no less severe than the statutory minimum sentence. *United States v. Sharp*, 883 F.2d 829, 831 (9th Cir. 1981) ("Where, as here, the statutory sentencing floor is lower than that of the guidelines, the district court can exercise its discretion to reduce the sentence based on mitigating factors to a term less than the guidelines range minimum, *see id.* §§ 5K2.0-5K2.14, but not less than the statutory minimum."); *see also United States v. Valente*, 961 F.2d 133, 134–35 (9th Cir. 1992) ("When a statute requires a different sentence than that set by the Sentencing Guidelines, the statute controls."). The Ninth Circuit has not explicitly delineated its reasoning for allowing a district court to impose the statutory minimum sentence in lieu of the more severe Sentencing Guidelines minimum. But its reasoning appears to be that the lower statutory minimum, by itself, is sufficient evidence that the Sentencing Commission did not take adequate consideration in formulating its guidelines. This is the reason articulated in a dissenting opinion from the Eighth Circuit: "[T]he

Commission fail[s] to honor Congress' express intent from the language of the law" when issuing guidelines with minimum sentences exceeding those in the statute. *Lattimore*, 974 F.2d at 976 (Bright, J., dissenting).

The Ninth Circuit affirmed that this case law survives *United States v. Booker*, 543 U.S. 220 (2005). Post-*Booker*, a court must only impose a reasonable sentence. *See Booker*, 543 U.S. at 261–62. The Ninth Circuit implicitly recognized that a reasonable sentence may be the lower statutory minimum. *See United States v. Faafiti*, 238 F. App'x 223, 224–25 (9th Cir. 2007) (per curiam) (holding that the district court's sentencing of the defendant to the statutory minimum of 10 years, not the Sentencing Guidelines' minimum of roughly 19 years, was correct and citing *Sharp* for this holding); Brief for Appellee, *United States v. Faafiti*, 238 F. App'x 223 (No. 05-10501) (detailing the statutory and Sentencing Guidelines minimum at issue).

### 5. Summary

The base offense level for a conspiracy to violate Section 1591 is 34. This Court must impose a reasonable sentence, and it may, but need not, consider the fact that the statutory minimum is lower than the Sentencing Guidelines minimum.

## B. MITIGATION ROLE REDUCTION

Guideline Section 3B1.2 provides a 2 to 4 level reduction for a defendant with a minor or minimal role in the criminal activity. U.S.S.G. § 3B1.2. However, this reduction ordinarily is not warranted where "a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct . . . ." *Id.* § 3B1.2 cmt. n.3(B). This is because such a "defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense."

11

Per the Sentencing Guidelines, Li should be facing a base offense level of 34. Instead, his plea agreement requires the Court to impose a base offense level of 14 plus a 4 level enhancement. (Plea Agreement at 4.) This is significantly less than what the Sentencing Guidelines require, and it is on par with what the 2006 Sentencing Guidelines imposed when there was no statutory minimum sentence. Accordingly, a reduction for mitigating role is not warranted.

### III.     CONCLUSION

Li's objection to the PSR's application of a 2 point minor participant deduction pursuant to Guideline Section 3B1.2 is DENIED. The Court orders that Li receive no deduction under that section.

SO ORDERED this 21st day of February, 2013.

RAMONA V. MANGLONA
Chief Judge